By the Court.—Sedgwick, Ch. J.
An order or interlocutory judgment was entered, that directed that final judgment in favor of plaintiff be entered unless the defendant answer within twenty days. Before the twenty days had past, the defendant died. As there was time to elapse in which'the defendant or bis representative had, according to the nature of the adjudication, an opportunity to defend, the order or interlocutory judgment did not become absolute by the expiry of the twenty days, and would not become absolute, until there was a party to the action who might competently interpose a defense within the remainder of the twenty days after the death, or such further time as the court should give in its discretion. In reality the action abated at the death, *463 until it should be revived, and the condition of the order being interrupted by death and therefore there being no absolute order or interlocutory judgment, final judgment could not properly be entered until after revivor and substitution, with proper directions due to the particular circumstances made in the order of revivor.
This opinion that final judgment was prematurely entered, does not affect the merits of the appeal taken from it. There has been a substitution of the executrix and service of copy of final judgment upon her with notice and an appeal by her from the judgment. This brings before the court the merits. But the time within which to appeal did not begin, until service of the copy of the judgment.
Motion denied with $10 costs.
Freedman and O’Gorman, JJ., concurred.